UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD ALLEN SHAFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00176-JPH-MJD |
| ) | |
| FEDERAL BUREAU OF PRISONS, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff Richard Shaffer, an inmate in the Federal Bureau of Prisons, filed this civil rights complaint alleging that the defendants were deliberately indifferent to his broken arm. The complaint is subject to screening, and because it is untimely on its face, must be **DISMISSED**.

### I.    Granting Motion for Leave to Proceed *In Forma Pauperis*

Mr. Shaffer's motion for leave to proceed *in forma pauperis*, dkt. [2], is **GRANTED** to the extent that Mr. Shaffer is assessed an initial partial filing fee of **seventy-four dollars and thirty-three cents ($74.33)**. Mr. Shaffer shall have **through June 7, 2021**, to pay this sum to the clerk of the district court.

After the initial partial filing fee is paid, Mr. Shaffer will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. §1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr. Shaffer and his custodian to ensure collection of the full filing fee.

1

## II. Screening the Complaint

### A. Screening Standard

Because Mr. Shaffer is a prisoner, the Court must screen his complaint, dismissing any and all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). In determining whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### B. The Complaint

The complaint names five defendants: (1) the Federal Bureau of Prisons, (2) Warden Krueger, (3) Dr. Benny Sedo, (4) Dr. William Wilson, and (5) "All medical staff in charge of transportation."

In the complaint, Mr. Shaffer alleges that he broke his arm in June 2018 while in custody at the Federal Correctional Center in Terre Haute, Indiana. Dr. Sedo, an outside specialist, scheduled surgery for September 2018. Dkt. 1 at 2. However, Mr. Shaffer did not receive surgery until February 26, 2019. *Id.* at 3; dkt. 1-1 at 3. Because the arm had healed improperly while he waited for surgery, Mr. Shaffer no longer has full use of his hand and arm.

Mr. Shaffer alleges that the defendants showed deliberate indifference to his serious medical need by not scheduling his arm surgery sooner.

### C. Discussion

"[I]n § 1983 actions, federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place. In Indiana, such claims must be brought within two years." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (citation omitted); Ind.

2

Code § 34-11-2-4. Untimeliness is an affirmative defense, but a complaint may be dismissed *sua sponte* if "'the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous.'" *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 F. App'x 659, 660 (7th Cir. 2013) (when complaint's allegations plainly show it is untimely, dismissal under § 1915A is appropriate).

Mr. Shaffer alleges that the defendants were deliberately indifferent to his serious medical need on and before February 26, 2019. He filed his complaint on April 12, 2021, more than two years later.[1] Because the complaint is untimely on its face, it is **DISMISSED** as frivolous. *See Muhammad-Ali*, 832 F.3d at 763.

### III.    Opportunity to Show Cause

Although the complaint is dismissed, the Court will not yet dismiss the entire case. Instead, Mr. Shaffer shall have **through June 7, 2021**, to show cause why this case should not be dismissed. Failure to meet this deadline will result in dismissal without further notice.

Additionally, as discussed above, Mr. Shaffer shall have **through June 7, 2021**, to pay an initial partial filing fee of **$74.33** to the clerk of the district court.

The Court notes that the docket includes two defendants, "Warden" and "Krueger," who appear to be the same person. The **clerk is directed** to terminate these two defendants and replace them with defendant "Warden Krueger."

**SO ORDERED.**

Date: 5/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] On the signature page, Mr. Shaffer provided a date of March 7, 2021. Even using this as the filing date, the complaint would be outside the limitations period.

3

Distribution:

RICHARD ALLEN SHAFFER
18373-047
TUCSON – USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734